**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2875 |
| Plaintiff - Appellee, | D.C. No. 4:20-cr-06018-SAB-2 |
| v. | MEMORANDUM[*] |
| CAMERON EARL CAMPBELL, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted August 13, 2025
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Cameron Earl Campbell appeals from the district court's denial of his

motion to suppress evidence seized in the search of his belongings.  "We review

the denial of a motion to suppress *de novo* and the district court's underlying

factual findings for clear error."  *United States v. Baker*, 58 F.4th 1109, 1116 (9th

Cir. 2023).  As the parties are familiar with the facts, we do not recount them here.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Campbell argues that law enforcement's six-day delay in obtaining warrants was constitutionally unreasonable.[1]  "An unreasonable delay between the seizure of [a defendant's belongings] and obtaining a search warrant may violate the defendant's Fourth Amendment rights."  *United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015).  In assessing reasonableness, we balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."  *Id.* (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)).  Under the totality of the circumstances, this delay was not unreasonable.

As to Campbell's interests, "[a] seizure affects only the person's possessory interests."  *Segura v. United States*, 468 U.S. 796, 806 (1984).  Campbell's interests were reduced because he did not seek return of his belongings.  *See Sullivan*, 797 F.3d at 633–34 (noting that an individual who does not show the delay "adversely affected" their interests and "'never sought return of the property' has not made a sufficient showing that the delay was unreasonable" (quoting *United States v. Johns*, 469 U.S. 478, 487 (1985)).

As to the government's interests, probable cause justified the seizure.  *See*

---

[1] Campbell's unconstitutional-delay claim is preserved because the district court addressed it on the merits.  *See Damiano v. Grants Pass Sch. Dist. No. 7*, 140 F.4th 1117, 1152 (9th Cir. 2025).

*United States v. Johnson*, 875 F.3d 1265, 1276 (9th Cir. 2017).  Moreover, the delay in obtaining the warrants, which spanned Thursday to Wednesday and included four off-duty days, was similar to delays that we have upheld previously. *See United States v. Albers*, 136 F.3d 670, 674 (9th Cir. 1998) (seven- to ten-day delay); *United States v. Gill*, 280 F.3d 923, 929 (9th Cir. 2002) (six-day Thursday to Wednesday delay).  "Even if the government could have moved faster to obtain a search warrant, the government is not required to pursue 'the least intrusive course of action.'"  *Sullivan*, 797 F.3d at 634 (citation omitted).

As the delay was not constitutionally unreasonable, the district court did not err in denying the motion to suppress.

**AFFIRMED.**